CLEVELAND J. MARCEL, Sr, Judge Pro Tem.
Plaintiff Touro Infirmary appeals a judgement of the First City Court of the Parish of Orleans which held that there was a failure of consideration for a note signed by Morris M. Daniels, Jr, the defendant.
The evidence reveals that between July 20, 1970 and August IS, 1970, defendant’s child was in Touro to receive care for an injury he sustained while playing in his backyard. The defendant testified that he requested a semiprivate room, but was informed that none was available and therefore the child .would have to be placed in a private room. The next day, hospital technicians attempted to bring a portable x-ray unit into the room but were unable to do so, whereupon the child was moved to another private room. Defendant later again requested a semiprivate room, since he believed one was available, but was informed at this time that the child could not be moved.
Defendant further testified that at the end of his child’s stay in the hospital he requested an itemization of the child’s drug bill but did not receive it. He asserted that he was told that his child would not be released unless and until he signed a promissory note or made some other arrangements for the payment of the bill. He chose to sign a 90 day note, on payment of which he defaulted. Some five months later he signed a new note with the Whitney National Bank as payee and Tou-ro as endorser. When defendant again defaulted in his payments, Whitney turned the note over to Touro as endorser. The second note is the subject of this suit.
The trial court found that Touro was not a holder in due course and that there was a failure of consideration and/or duress in the signing of the second note. Touro appeals, asserting that it is a holder in due course and that there was no failure of consideration, and that the duress of a threat not to release the child is impossible since the child was released six months before the second note was signed.
This court agrees with the trial court that Touro is not a holder in due course, and that the role of the Whitney National Bank in the transaction was merely that of collection agent for Touro. Therefore, the defenses of failure of consideration and duress are good against Touro if proved. We do not feel, however, that plaintiff has in fact proved them. This court believes that a 25 day stay in Touro is in and of itself valid consideration for the hospital bill and the note that secures its payment. Further, the cancellation of that note is consideration for the new note, which is the note in issue. The fact that defendant requested and did not receive a semiprivate room and an itemized breakdown of his drug bill does not negate this consideration nor explain why he signed a second note concerning these charges which he now disputes. There is no evidence that the child was rgfused medical care during his stay in the hospital nor that the defendant refused to accept the services offered; thus, we feel the trial judge erred in holding that there was a failure of consideration in the making of the notes. Further, we find no evidence of duress in the signing of the note in issue.
For the foregoing reasons, the judgment is reversed and the defendant Morris M. *830 Daniels, Jr. is hereby condemned to pay the amount remaining on the promissory note, $722.96, together with costs and attorney’s fees as provided in the note.
Reversed.